Rudolph Valentino DI GIOVANNI, an infant, by his mother and next friend, Elise Heguy DiGiovanni, et al., Appellants,

v.

Abraham RIBICOFF, Secretary of Health, Education, and Welfare, Appellee.

No. 15842.

United States Court of Appeals. District of Columbia Circuit.

Argued Jan. 18, 1961.

Decided Feb. 23, 1961.

The parties to that marriage lived together for some years. Pasquale and the present appellant began living together in 1950 and a child was born to them in 1951. Pasquale died in 1952. Beulah was still alive. Her marriage to Pasquale was never dissolved. Pasquale was therefore incapable of marrying the appellant. Accordingly the Social Security Administration and the District Court were right in rejecting appellant's claim to benefits as the widow of Pasquale. Their decision that an illegitimate child is not entitled to the claimed Social Security benefits is unchallenged and we do not rule upon it. 42 U.S.C.A. § 416(h) (2); D.C.Code, Supp. VIII, 1960, § 18–716.

Affirmed.

---

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Mr. Samuel B. Block, Washington, D. C., was on the brief, for appellants.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

Beulah Countiss was divorced from Paul R. Pearson, in Virginia, on January 17, 1944. At that time a Virginia statute prohibited remarriage of either party for six months. On June 24, 1944, the prohibited period was reduced to four months by amendment and re-enactment of the statute, [Code 1919, § 5113 as amended by Acts 1944, c. 142]. Thereafter, on July 1, 1944, more than five months after the divorce decree was entered, Beulah Countiss entered into a ceremonial marriage in the District of Columbia with Pasquale DiGiovanni. In our opinion that marriage was valid because the reduction in the suspension period had freed Beulah to marry.